OPINION
{¶ 1} Appellant, Lonny Bristow, appeals from the judgment of the Trumbull County Court of Common Pleas finding him guilty of two counts of ethnic intimidation and five counts of aggravated menacing.
 {¶ 2} On May 19, 2005, the Trumbull County Grand Jury issued an indictment against appellant charging him with seven counts of retaliation, felonies of the third degree in violation of R.C.2921.05(A) and (C). Appellant appeared for arraignment on June 20, 2005 with counsel and entered a plea of not guilty to all charges. The matter was then set for pretrial.
 {¶ 3} On June 28, 2005, appellant filed various motions with the trial court, including a "motion to proceed pro se," a "request for discovery," and a "request for bill of particulars." On July 29, 2005, appellant filed a motion to dismiss the charges based upon an "as applied" challenge to the constitutionality of R.C. 2921.05.
 {¶ 4} On August 1, 2005, a pretrial hearing was held during which appellant personally communicated his desire to move forward pro se. The trial court engaged appellant in an extensive colloquy regarding the nature and dimension of his decision. Appellant informed the court of his extensive acquaintanceship with the criminal justice system as a defendant. He also noted that, although he had not previously proceeded pro se at the trial level, he had represented himself in the Third Appellate District as well as in the Supreme Court of Ohio and won on both occasions. The trial court advised appellant that a trial has unique procedures and evidentiary rules which appellant would be responsible for following. Furthermore, the trial court emphasized that if appellant determined, before trial, he wished to have representation, an attorney would be appointed so long as the decision was not a last minute dilatory tactic. Specifically, the following dialogue took place:
 {¶ 5} "THE COURT: "And if you decided even up to this date that you wanted to retain counsel or have counsel appointed for you, that we should go forward with that and appoint counsel for you without any expense to you and if that new counsel would have needed any additional time to prepare, that we would have done that as well. Do you understand that?
 {¶ 6} "THE DEFENDANT: Okay, are you saying that in the future that if I should decide ?
 {¶ 7} "* * *
 {¶ 8} "THE COURT: I am saying you are going to go through some discovery process with the prosecutor, and within that process, because that is down the road aways [sic], if you decide that maybe you would be better off with an attorney representing you, then at that pretrial when that comes into play, you can ask for an attorney and the Court will appoint one for you.
 {¶ 9} "THE DEFENDANT: Okay, thank you, Judge.
 {¶ 10} "THE COURT: But it's not going to be used as a delaying tactic.
 {¶ 11} "THE DEFENDANT: Right."
 {¶ 12} The court inquired as to whether appellant had any questions and whether any threats or promises were made to cause him to make his decision. Appellant responded in the negative. Appellant further averred his decision was made freely and voluntarily. Appellant then signed a formal waiver of counsel.
 {¶ 13} Between August 1, 2005 and September 23, 2005, appellant filed a variety of motions including a "supplemental motion to dismiss," a "motion for an order providing access to discovery documents," a "motion for an order arranging the interview of a witness," and a "supplement/reply memorandum to motion to dismiss."
 {¶ 14} On October 27, 2005, the grand jury issued a superseding indictment adding Counts Eight and Nine, ethnic intimidation and aggravated menacing, felonies of the fifth degree in violation of R.C.2927.12(A) and (B) and R.C. 2903.21(A), and Counts Ten through Fourteen, aggravated menacing, misdemeanors of the first degree in violation of R.C. 2903.21(A). The charges in the superseding indictment were captioned under the same case number as the earlier charges.
 {¶ 15} Between November 4, 2005 and November 16, 2005, appellant filed another five pro se motions with the trial court; each motion was still pending when appellant appeared before the trial court on December 5, 2005 for arraignment on the charges filed in the superseding indictment. During the arraignment, it is undisputed that appellant was not advised of his right to retain counsel for the latest charges. However, appellant neither requested counsel nor expressed a desire for assistance with his representation. During the proceedings, the state and appellant arrived at a plea agreement whereby appellant would enter a plea of guilty to an amended indictment charging him with two counts of "ethnic intimidation by reason of aggravated menacing" (Counts 8 and 9) and five counts of aggravated menacing (Counts 10 through 14). The plea agreement set forth a handwritten statement that appellant had proceeded pro se and waived counsel. Upon the state's motion, the trial court nolled the remaining seven counts in the indictment. Appellant was sentenced to seven months imprisonment on Counts 8 and 9, and six months imprisonment on Counts 10 through 14. The sentences were ordered to be served concurrently as jointly recommended by appellant and the state.
 {¶ 16} Appellant now appeals and assigns the following assignment of error:
 {¶ 17} "The trial court committed reversible and prejudicial error by failing to advise appellant at arraignment that he had a right to retain counsel or a right to court appointed counsel; [sic] thereby denying appellant his constitutionally guaranteed Sixth and Fourteenth Amendment right to counsel on ethnic intimidations [sic] and aggravated menacings [sic] charges."
 {¶ 18} Under his sole assignment of error, appellant asserts he suffered a violation of his constitutional rights when the trial court failed to provide a recitation of his Crim.R. 10(C) rights as they pertained to a superseding indictment on the additional charges filed by the grand jury under the same case number.
 {¶ 19} Crim. R. 10(C) provides, in relevant part:
 {¶ 20} "(C) Explanation of rights. When a defendant not represented by counsel is brought before a court and called upon to plead, the judge or magistrate shall cause him to be informed and shall determine that he understands all of the following:
 {¶ 21} "(1) He has a right to retain counsel even if he intends to plead guilty, and has a right to reasonable continuance in the proceedings to secure counsel.
 {¶ 22} "(2) He has a right to counsel, and the right to a reasonable continuance in the proceeding to secure counsel, and pursuant to Crim.R. 44, the right to have counsel assigned without cost to himself if he is unable to employ counsel."
 {¶ 23} Crim.R. 10(C) represents a mandate, not a mere procedural guideline, i.e., they set forth fundamental and constitutionally protected rights which must be addressed by a trial court. State v.Groner (Mar. 31, 1998), 7th Dist. No. 96 C.A. 144, 1998 Ohio App. LEXIS 1945, *14. A trial court's failure to comply with Crim.R. 10(C) constitutes prejudicial error. State v. Orr (1985), 26 Ohio App.3d 24,25; see, also, State v. Gehring (June 27, 1997), 6th Dist. No. F-97-005, 1997 Ohio App. LEXIS 2733, *5.
 {¶ 24} It is undisputed that the trial court did not re-explain appellant's rights to retain counsel, et al., during his arraignment on the charges set forth in the superseding indictment. However, the superseding indictment contained charges arising under the same case as that in which appellant had previously waived his right to counsel. As indicated supra, appellant knowingly and voluntarily waived this right (in open court and in writing pursuant to Crim.R. 22) towards the end of representing himself pro se. Throughout the original colloquy and through his actions of filing numerous motions, appellant demonstrated his clear and deliberate intent to manage his own defense. In this respect, we do not believe the trial court "failed to comply" with the mandates of Crim.R. 10(C). Appellant had waived his right to counsel in case no. 05-CR-345 subsequent to being properly and thoroughly advised of his rights pursuant to Crim.R. 10(C). In so doing, appellant manifested his clear intent to function as his own counsel in case no. 05-CR-345. In this respect, we do not believe the trial court was obligated to restate the information set forth in Crim.R. 10(C).[1]
 {¶ 25} To summarize, we believe the trial court strictly complied with Crim.R. 10(C) during the August 1, 2005 pretrial hearing. Although the trial court did not readvise appellant pursuant to Crim.R. 10(C) during his arraignment on the superseding indictment, appellant had already made the informed, intelligent and deliberate decision to move forward pro se in that case. The record demonstrates appellant possessed a strong interest in handling his own defense and that he was capable and prepared to do so; more importantly however, the record demonstrates appellant knew and appreciated his right to obtain an attorney if he so desired. Therefore, under the limited circumstances of this case, we do not believe appellant suffered a violation of his constitutional rights. Appellant's sole assignment of error lacks merit.
 {¶ 26} For the reasons set forth above, the Trumbull County Court of Common Pleas is hereby affirmed.
WILLIAM M. O'NEILL, J., concurs,
COLLEEN MARY O'TOOLE, J., dissents.
[1] It bears noting that Crim.R. 10(C) pertains to situations where "a defendant is not represented by counsel * * *." Given our analysis regarding appellant's voluntary waiver, it follows that appellant was acting in his capacity as counsel for himself during his arraignment on the superseding indictment. When viewed thusly, Crim.R. 10(C) would be inapplicable to the arraignment relating to the charges in the later indictment.